W. T. Morrison *v.* Tennessee Consolidated Coal Co.

(*Nashville.* ·December Term, 1930.)

Opinion filed June 10, 1931.

HAYNES & RAULSTON, for plaintiff in error.

LAWRENCE SPEARS, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit for damages for personal injuries. Defendant interposed several pleas, among others, a plea that the injury sued on was compensable under the Workmen's Compensation Law. A demurrer was filed to this plea, which was overruled by the trial judge, the plea held good and the suit dismissed.

The declaration averred that plaintiff was employed in defendant's coal mine operating a large hammer or

drill, used for the purpose of removing coal; that said drill was an unsuitable and dangerous instrumentality for the reason that it threw off in the air "rock, slate and other dust and foreign substance, rendering the air impure, foul and unfit to breathe;" that while so employed, on or about October, 1928, plaintiff was exposed to and compelled to breathe said dust and foreign substance, by reason of which his lungs, throat and other organs of his body became diseased and·impaired, resulting in tuberculosis and other diseases. The declaration was amended so as to charge in addition that defendant failed to provide proper and suitable ventilation and air courses in its mine in which plaintiff worked, so that large quantities of dust, fumes and gases accumulated in said mine, which complainant was compelled to breathe, and that as a "natural result" of such inhalation, "irritation gradually developed in plaintiff's throat, lungs and other organs of his body ultimately resulting in tuberculosis or other serious infection of, and impairment of, his lungs, throat and other respiratory organs, said diseases not developing violently and suddenly but by gradual process." It was set out in some detail that the defendant thus negligently furnished to the plaintiff unsuitable and unsafe tools and an unsuitable and unsafe place in which to work.

The court was of opinion that because the declaration charged the injuries complained of were due to the negligent acts of the defendant, and not an occupational disease, the declaration accordingly stated a case coming within the Workmen's Compensation Statute and did not state a common law action nor a cause of action arising under the statute (other than the Workmen's Compensation Statute) governing the operation of coal mines and providing for the ventilation thereof.

■ There has been much argument in the case as to whether the injuries or maladies from which the plaintiff alleges he suffers constitute an occupational disease. This is not determinative. If the plaintiff suffers from a disease at all, occupational or otherwise, he has no recourse under the Workmen's Compensation Act, unless that disease naturally results from an accidental injury.

Subsection (b) of section 2, chapter 123, Acts of 1919, provides:

"Injury and personal injury shall mean only injury by accident arising out of and in the course of employment, and shall not include a disease in any form except as it shall naturally result from the injury."

■ An injury, to be regarded as an accidental injury under the Compensation Act, must be an injury unforeseen, unexpected and fortuitous. An element of unexpected casualty must be present. *Meade Fiber Corp.* v. *Starnes,* 147 Tenn., 362; *King* v. *Buckeye Cotton Oil Co.,* 155 Tenn., 491; *Hartford Accident & Indemnity Co.* v. *Hay,* 159 Tenn., 202.

■ According to the declaration herein, the disease of the plaintiff came about as a natural result of the inhalation of dust, gases and fumes present in the mine. Certainly then there is no unforeseen, unexpected nor fortuitous result involved.

Moreover, we are unable to see anything unforeseen, unexpected or fortuitous in the cause of plaintiff's injuries, as that cause is stated in the declaration. Whether the defendant was negligent, or whether it exercised due care, in the selection of the tools furnished plaintiff, and the preparation of a place for plaintiff to work, seems immaterial here. No element of casualty appears about the selection of the tools or the preparation of the work-

ing place, nor does any element of casualty appear in the operation of such tools by plaintiff, nor in the pursuit of his activities by plaintiff in the particular working place. So far as we know negligence of the employer is not taken into account in cases arising under Workmen's Compensation Statutes.

In addition to the foregoing, it is quite generally held that, in order for a disease to be referable to an accidental injury under compensation statutes, the inception of the disease must be assignable to a determinate or single occurrence identified in space or time. *Innes* v. *Kynock* (1919), A. C., 765, 9 Br. Rul. Cas., 748; *Lerner* v. *Rump,* 241 N. Y., 153, 41 A. L. R., 1122; *Young* v. *Melrose Granite Co.,* 132 Minn., 512, 29 A. L. R., 506, and cases in Note, 29 A. L. R., 510.

The last proposition was recognized and in the mind of this court, as appears from the opinion in *Hartford Accident & Indemnity Co.* v. *Hay, supra,* in which an employee was awarded compensation for injuries from a disease due to an infection received in the course of his duties. It was pointed out that "the testimony of the employee's doctors tends to trace the employee's infection to a definite time and contact."

If an accidental injury was viewed otherwise, it would be difficult to apply the statutory provision as to notice and indeed difficult to apply the limitation of the time in which an action under the compensation statute must be commenced. Such provisions of the statute indicate that the legislature could not have intended accidental injuries to include diseases which developed "gradually" or "by gradual process," as the plaintiff's troubles herein are alleged to have evolved.

For the reasons stated, the judgment below must be reversed and the case remanded for further proceedings.