BURTON *v.* MILLER BROS. CO.

(*Knoxville,* September Term, 1933.)

Opinion filed Nov. 18, 1933.

T. P. Gore and Geo. N. Barnes, for Hershel Burton.

Williams, Miller & Winston and C. R. Langhammer, for Miller Bros. Co.

Mr. Justice Swiggart delivered the opinion of the Court.

Burton's petition prays an award of compensation, to be paid by his employer, Miller Bros. Company, for a total and permanent disability resulting from three separate and distinct accidental injuries, suffered 'at different times, a blow on the head or neck, a rusty nail stuck through his left hand, from which local infection resulted, and a copper or brass wire stuck in his right hand. From the combined effect of these three injuries, he avers that he has suffered a loss of hearing, rheumatism, cystitis, and a partial paralysis of his lower limbs. The trial court erroneously required the petitioner to elect to prosecute his claim as arising from only one of the three accidents. The compensation to be awarded, if at all, is for the disability, and not as damages for the accidental injuries suffered. *Marhoffer* v. *Marhoffer*, 220 N. Y., 543, 116 N. E., 379. Only one disability is pleaded. If it was caused by any one or more of the accidental injuries described in the petition, the employer would be liable, since each is charged to have arisen out of and in the course of the employment, and within one year from the date the petition is

filed. It is therefore immaterial that the pleader could not assign one of the accidents as the particular cause of the disability, to the exclusion of the others.

An accidental injury, as distinguished from an occupational disease, must be assignable to a particular time and place. *Morrison* v. *Tenn. Consol. Coal Co.,* 162 Tenn., 523, 39 S. W. (2d), 272. But this rule is completely satisfied if each of several accidents, assigned as the combined or alternative causes of an injury or disability, can be thus localized and identified. *Selvage* v. *Burrell* (1921), 1 K. B., 355, 13 British Ruling Cases, 1010; Affirmed by House of Lords, 90 L. J. K. B. (N. S.), 1340,

Following the ruling of the English House of Lords in the case cited, we hold that a disability is none the less an injury by accident when it results from a series of accidents, each one of which is specific and ascertainable, although its exclusive influence on the resulting disability cannot be precisely fixed.

Preserving his exceptions to the ruling of the trial court, Burton amended his petition so as to aver the blow on his head or neck as the cause of his disability. On the subsequent trial, the court found that the accident so relied upon occurred more than one year before the petition was filed, so that the suit was barred by the limitation of one year contained in the Code, section 6874; and also that petitioner's disability was not caused by that accident. On both grounds the suit was dismissed, and there is evidence to sustain both findings.

It would be useless to require a new trial of these two questions of fact by the trial court, and they will be permitted to remain as adjudicated. *Perkins* v. *Brown,* 132 Tenn., 294, 177 S. W., 1158, L. R. A., 1915F, 723, Ann. Cas., 1917A, 124. While it is irregular to thus try a

suit at law by piecemeal, it is the result of the error above stated. For that error the judgment dismissing the suit will be reversed, and the case remanded for determination of the remaining averments of the petition that the petitioner's disability was the result of the two hand injuries. On the remand, the petitioner will be allowed to amend his petition, if desired, and the defendant will be allowed time to answer. The costs of the trial court accrued subsequent to the filing of the petition, and the costs of this court will be adjudged against the defendant.