GABBARD v. PROCTOR & GAMBLE DEFENSE CORPORATION

(*Jackson,* April Term, 1947.)

Opinion filed May 3, 1947.

JOE A. APPLEBY and ELMER L. STEWART, both of Lexington, for plaintiff in error.

MOSS & BENTON, of Jackson, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is a proceeding under the Workmen's Compensation Act. Code 1932, sec. 6851 *et seq.* In the Circuit Court of Henderson County the petitioner Gabbard sought compensation from his employer, Proctor & Gamble, on the following averments in his original petition.

"That your petitioner was from the 30th day of June, 1942 until the 18th day of June, 1945 employed by said defendant and that on the 18th day of June, 1945 and for approximately 18 months prior thereto he was engaged in melting pentolite, and that in connection with his duties aforesaid it was necessary for him to stand over a melting pot which was kept at all times at a very high temperature; that on the 18th day of June, 1945 petitioner became ill and was sent to the first aid station by the defendant company and its agents, and they in turn advised him to see his family physician. That immediately thereafter your petitioner did consult his family physician. *That immediately thereafter your petitioner did consult his family physician* and has been continuously since the above date under her treatment and care by reason of the illness which occurred as aforesaid." (Emphasis ours to show repetition.)

Before the hearing, the original petition was amended to add the following:

"That said illness was fortuitous, not to be expected, an unusual event or result, and therefore amounted to an injury by accident."

Defendant demurred to the petition and amended petition, and the learned Trial Judge, without specifying the ground of his decision, dismissed the petition and amended petition. The petitioner has perfected his appeal to this Court.

Only one question is presented by the appeal: Was petitioner's disease as set out in the foregoing pleadings compensable under the statute which defines compensable injury as:

"(d) 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of employment, and shall not include a disease in any form except as it shall naturally result from the injury." Code sec. 6852. (d).

The averments of the amendment are to be considered by us in connection with the statement of fact in the original petition quoted above, and since they are clearly conclusions of the pleader, the averments of the amendment are not necessarily admitted by the demurrer. *Crockett* v. *McLanahan*, 109 Tenn. 517, 525, 72 S. W. 950, 61 L. R. A. 914. There is no allegation in the original or amended petition that there was a causal connection between the employment and the disease, nor is there any definite statement of the popular or medical name of the disease, nor of what parts of Petitioner's body were affected thereby.

If an employee suffers from a disease occupational or other, he has no recourse under the Act, unless the disease naturally results from an accidental injury. In order for a disease to be referable to an accidental injury its inception must be assignable to a determinate, single occurrence, identified in time and place. *Morrison* v. *Tennessee Consolidated Coal Co.*, 162 Tenn. 523, 39 S. W. (2d) 272. In the case before us, petitioner alleges that for 18

months continuously prior to June 18, 1945, he was employed in a job which required him to melt pentolite, and stand over a melting pot, heated to high temperature. There is no statement that on June 18, 1945, when the disease for which he seeks compensation first became apparent to himself and others, there was any extraordinary, or unusual happening or event to fix the inception of the disease, as to time and place, or to relate its inception to an accidental injury. This was held to be indispensable in *Morrison* v. *Tennessee Consolidated Coal Co., supra.*

Petitioner insists that the case is ruled by *King* v. *Buckeye Cotton Oil Co.,* 155 Tenn. 491, 296 S. W. 3, 53 A. L. R. 1086, and *Hartford Acc. & Indem. Co.* v. *Hay,* 159 Tenn. 202, 17 S. W. (2d) 904. We think these cases are clearly distinguishable on the presence of the factor of definite reference to the inception of disease to a definite time and place—"Heat prostration" in the *King case,* and the "scratching of a pimple" in the *Hay case.*

On the statements of the pleadings, viewed most favorably to the petitioner, we cannot avoid the conclusion that petitioner's disease was a gradual result of breathing the fumes of the melting pentolite, and that the case, therefore, falls under the rule made in *Meade-Fiber Corporation* v. *Starnes,* 147 Tenn. 362, 247 S. W. 989, and *Morrison* v. *Tennessee Consolidated Coal Co., supra.*

The assignment of error is overruled and the judgment is affirmed.

All Justices concur.