**RAILWAY EXP. AGENCY, Inc. v. CLARK.**

No. 11398.

United States Court of Appeals
Sixth Circuit.

Decided Feb. 5, 1952.

L. E. Burch, Jr., Memphis, Tenn., (Lucius E. Burch, Jr., Memphis, Tenn., on the brief, Burch, Porter & Johnson, Memphis, Tenn., of counsel), for appellant.

Lowell W. Taylor, Memphis, Tenn., (Lowell W. Taylor, Memphis, Tenn., Horn & Baer, Memphis, Tenn., on brief, Taylor & Quick, Memphis, Tenn., of counsel), for appellee.

Before HICKS, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

In a suit begun in the circuit court of Shelby county, Tennessee, but removed to the United States District Court, the appellee sought compensation for the death of the decedent while employed by the appellant under the provisions of Par. 6, § 6883, of the Workmen's Compensation Laws of Tennessee. The complaint alleges that the death was due to accident sustained in the performance of the duties of the decedent in the regular course of his

employment by the appellant. By affirmative answer, the appellant averred that the decedent died not as a result of injury due to accident but that death was caused solely by a pre-existing cardiac condition having no relation to an accident.

The facts are not complicated. The decedent in the employ of the appellant for thirty-two years was, preceding his death, in apparently good health, walking briskly, appeared alert and had worked substantially every day for from five to ten years prior to his death. Upon the morning of the alleged accident, he was performing his usual duties of loading a handtruck from an express car with so-called "value express." The handtruck was about ten feet long, its floor 3½ feet from the railway platform and twelve inches below the floor of the railway car. He had pulled the truck by hand into proximity with the door of the car; was lifting packages from the floor of the car, deposited there by the express messenger, and placing them upon the truck. He had loaded several crates of ladies' hosiery and then a crated dog weighing approximately thirty-five pounds, and after depositing the crate on the truck was about to turn to the car for another package when he was seen to fall suddenly to the floor of the truck and to roll from it to the platform without apparent effort at restraint. No direct evidence indicates the cause of the fall. The decedent was dead upon arrival at the hospital and the death certificate recites that the cause of death was unknown.

Three neighbors of the decedent, one man who had lived with him for a number of years, his immediate superior and his widow all testified that he had been in good health for years and had not lost time from his work for the preceding five years, although he occasionally had attacks of indigestion. The appellant in support of its affirmative defense relied principally upon the testimony of two physicians. Dr. Anderson, its own employee, testified that he had examined him in 1942; that he then had a serious heart condition; that he recommended that the decedent stay in bed for three or four months, prescribed digitalis and expressed the view to him that

he could not work any more. He suggested no consultation with a heart specialist, took no cardiograph or fluoroscope and did not "bother" to report the condition to the appellant, the doctor's employer then as well as at the time of trial. He saw the decedent after his fall, found him to be cyanotic, or blue, and testified that cyanosis is caused by a lack of oxygen. Dr. Kasselberg, responding to a hypothetical question, testified that death could have been caused by coronary thrombosis. The hypothesis assumed that the decedent had been treated for a cardiac condition in 1942 and had been given digitalis.

After the fall from the truck, a sizeable bruise was observed upon the head of the decedent above and to the rear of his right ear. There was no autopsy and both physicians conceded that a normal healthy heart might be injured or thrombosis caused through excitement, strain, overexertion, or by heavy lifting. The case was tried to the court without a jury and upon its conclusion the court found that Clark was involved in an accident within the meaning of the Compensation Law; that by the preponderance of proof he had been in good health, active, continuously at work without complaint; that he had engaged in heavy lifting on the morning of his death in the performance of his regular duties; that he had sustained a serious or violent fall; that there was a bruise on his head which Dr. Kasselberg testified could have caused his death; that even had he had a pre-existing trouble his death was the direct result of an aggravation of that condition through over-exertion, lifting, tripping, or loss of balance in handling the heavy crate, which was a part of his duty arising out of his employment; that there was a causal connection between the work required to be performed and the resulting death. Judgment was directed for the appellee. It is clear that the court placed little credence in the testimony of Dr. Anderson because his examination of the decedent in 1942 had been cursory, his conclusions based upon superficial information, that he was not a specialist and because both doctors had agreed that even a normal healthy heart might be injured

through strain, over-exertion or heavy lifting.

The questions we face, therefore, are whether the appellee had made out a prima facie case of accident and, if so, whether it was clearly overcome by the medical testimony in respect to the decedent suffering from heart disease in more or less acute form. The Tennessee Workmen's Compensation Law Code 1932, § 6851 et seq., clearly provides that to be compensable an injury must be accidental and arise out of employment. See Morrison v. Tennessee Consolidated Coal Company, 162 Tenn. 523, 39 S.W.2d 272. The injury must be unforeseen, unexpected, and fortuitous. It goes without saying that the fact of accident may be established not only by direct evidence but as well by circumstances reasonably leading to an inference that an accident occurred. Here, there was substantial evidence that the decedent was in good health prior to his death and upon the very morning of his death; that he had sustained a serious fall after propelling the handtruck and handling several crates which weighed between twenty-five and thirty-five pounds and that immediately after the fall there was a bruise on his head which might have been the cause of his death. In Milstead v. Kaylor, 186 Tenn. 642, 212 S.W.2d 610, it was held that where an employee is found at his post without direct evidence as to his manner of death an inference may arise of an accident springing out of and in the course of his employment and when such prima facie case is made out, the burden shifts to the employer to produce evidence to overthrow such a prima facie case. See also Home Ice Company v. Franzini, 161 Tenn. 395, 32 S.W.2d 1032. The evidence here is sufficient to create a prima facie case of accident.

The burden being under Tennessee law upon the defendant to overthrow such case, consideration must be given principally to the medical evidence. Dr. Anderson undertook to testify, after the lapse of nine years, to a cardiac condition so serious that the patient would not be able to work any more. He did this without contemporaneous records, without cardiograph or fluoroscope, without suggesting consultation with a heart specialist and without reporting the ailment to the express company. But the patient did work continuously for about nine years without visible manifestations of serious infirmity. The district judge placed little reliance upon Dr. Anderson's testimony after seeing him and hearing his evidence. That he was a witness with a fallible memory is evidenced by his failure to recall whether he had executed the death certificate, a fact which should have been fresh in his mind. Dr. Kasselberg's reply to the hypothetical question was based upon an assumed cardiac condition in 1942 subsequently supported solely by Dr. Anderson's testimony. If that failed to establish the condition, Dr. Kasselberg's evidence fails completely.

The appellant urges that the medical proof establishes the cause of death by heart seizure and that such testimony is conclusive, relying upon American National Insurance Company v. Smith, 18 Tenn. App. 222, 74 S.W.2d 1078. That case does not go so far. It holds that, in general, the value of an expert's opinion is for the jury to decide except where a highly specialized branch of medical science is involved. Neither of the medical witnesses claimed to be practitioners in a highly specialized branch of medical science. Both were general practitioners. Neither qualified as a specialist but both testified that the death might have been caused accidentally.

We are quite familiar with the rule that where there are two equally probable causes of death, one which would impose liability and the other of which would not, the plaintiff must fail since the burden of proof to establish accidental death rests upon him. Everett v. Evans, 30 Tenn.App. 450, 207 S.W.2d 350. The district judge, however, found that the accidental theory was the more probable. We have noted in Pennsylvania R. R. v. Goldie, 6 Cir., 182 F.2d 9, the decided trend to caution in substituting the view of the court for the findings of the trier of facts, where they are based upon oral evidence, in the presence of court or jury. Indeed it was said in Lavender v. Kurn, 327 U.S. 645, 653, 66

S.Ct. 740, 744, 90 L.Ed. 916: "Only when there is a complete absence of probative facts to support the conclusion reached does reversible error appear. But where, as here, there is an evidential basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion and the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable."

While this was not a jury case, yet, by the tests applied to the findings of fact by the court sitting without a jury, we are unable to say, upon a careful review of the record, that the findings in the present case were clearly erroneous. Wherefore,

Judgment is affirmed.