Polly **WITTENBARGER**, Appellant,

v.

The **CARR COMPANY**, Appellee.

Supreme Court of Tennessee.

Oct. 3, 1977.

Carey E. Garrett, Knoxville, for appellant.

Arthur G. Seymour, Jr., Frantz, McConnell & Seymour, Knoxville, for appellee.

## OPINION

HENRY, Justice.

This case arises under the Workmen's Compensation law.

Appellant suffers from bronchitis contracted as a result of exposure to paint, MEK and Toluene fumes during the course and scope of, and rising out of, her employment.

She insists (1) that bronchitis, though not a listed occupational disease, is so closely related thereto as to be compensable and (2) that her work-related bronchitis is an injury within the meaning of the Workmen's Compensation law.

Under the authority of *American Insurance Company v. Ison,* 519 S.W.2d 778 (Tenn.1975), the first insistence must be rejected. After the hearing, the Chancellor handed down a memorandum opinion holding, in effect, that the first prong of the *Ison* test, i. e. identity of pathological effects, was established but that there was nothing in the record to establish that bronchitis was caused by the hazards of employment which are also known to cause one of the named occupational diseases. Therefore, the case was continued for the procurement and presentation of medical evidence designed to establish this portion of the *Ison* criteria.

Subsequently claimant's counsel advised that he could obtain "no medical testimony that the disease in question [bronchitis] is caused by the hazards of the employment . . . which also cause one of the named occupational diseases."

Hence, under *Ison,* we must affirm the ruling of the Chancellor in this respect.

Claimant insists that work-related bronchitis is an "injury by accident" within the meaning of the law, we disagree. The workmen's compensation statutes constitute a scheme of benefit payments based upon *injury* and on *disease.* Occupational diseases are embraced within the term "injury" and "personal injury." Sec. 50–902(d), T.C.A. The act contains a detailed list of schedule injuries (Sec. 50–1007) and a list of occupational diseases (Sec. 50–1101).[1]

Bronchitis is not one of the listed diseases and under the *Ison* standard it is not closely related thereto. Nor is it an "injury by accident". *See Morrison v. Consol. Coal Co.,* 162 Tenn. 523, 39 S.W.2d 272 (1931). *See also Meade-Fiber Corp. v. Starnes,* 147 Tenn. 362, 247 S.W. 989 (1923); *Gabbard v. Proctor & Gamble Defense Corp.,* 184 Tenn. 464, 201 S.W.2d 651 (1947).

The decree of the Chancellor is

Affirmed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.

## ADDENDUM

Tax costs against appellant.

1. This action arose prior to the effective date of Chapter 339, Acts of 1977, which strikes all listed occupational diseases and provides coverage for "all diseases arising out of and in the course of employment."