Meade Fiber Corp. v. Starnes.

MEADE-FIBER CORPORATION *v.* E. M. STARNES.*

(*Knoxville.* September Term, 1922.)

1. **MASTER AND SERVANT.** Disease from inhaling dust not compensable ''injury'' by ''accident;'' ''personal injury.''

Under the Workmen's Compensation Act, defining "injury" and "personal injury" to mean only injury by accident arising out of and in the course of employment, and not a disease in any form, except as naturally resulting from the injury, and providing in section 3 for compensation for personal injuries, a disease caused by breathing dust caused by the work of moving sacks containing a chemical used in the employer's business is not a compensable injury; the word "accident," as used in the statute, implying that the injury must partake of the unusual, casual, or fortuitous. (*Post, pp.* 363-367.)

Acts cited and construed: Acts 1919, ch. 123.

2. **MASTER AND SERVANT.** Question of compensable injury property presented on motion for new trial.

The question whether an injury is compensable under the Workmen's Compensation Act is properly presented in the motion for new trial under an assignment that there is no evidence to sustain the judgment. (*Post, p.* 367.)

3. **MASTER AND SERVANT.** Compensation claim barred by failure to give notice within time limited.

---

*For construction and effect of Workmen's Compensation acts generally see notes L. R. A., 1916A, 23 and 1917D, 89.

On recovery of compensation for incapacity resulting from disease see note L. R. A., 1916A, 289.

On question of accident and. personal injuries of employees, see notes L. R. A., 1916A, 29, 227; L. R. A., 1917D, 103 and L. R. A., 1918F, 867.

On the question of notice of injury, and claim for compensation, in general, see notes in L. R. A., 1916A, 83, 244; L. R. A., 1917D, 135, L. R. A., 1918E, 556.

Written notice to the employer, provided for by the Workmen's Compensation Act, is not necessary to entitle the employee to compensation prior to the time notice must be given; but, unless notice is given within the thirty-day period, the right to compensation ceases, though the employer had actual knowledge of the injury. (*Post, pp.* 367, 368.)

Case cited and approved: Black Diamond Collieries Case, 144 Tenn., 467.

## FROM KINGSPORT.

Error to the Law Court of Kingsport County.—HON. D. A. VINES, Judge.

GEORGE A. CALDWELL, for plaintiff.

DODSON & FERGUSON, for defendant.

MR. L. D. SMITH, Special Judge, delivered the opinion of the Court.

This is an action by an employee against his employer to recover compensation under the workmen's compensation statute (chapter 123, Acts 1919), in which there was a judgment for the plaintiff in the court below. The employee claims to be suffering from a disease naturally resulting from an injury accidentally sustained by him in the course of his employment. A determinative question is whether, from the facts, under the most favorable view of the evidence to the employee, it can be said as a matter of law that there was an injury accidentally received.

The statute makes provisions for compensation to employees for personal injuries arising out of and in the course of employment. Section 3. The act defines injury and personal injury to—"mean only injury by accident

arising out of and in the course of employment, and shall not include a disease in any form except as it shall naturally result from the injury." Section 2, subd. (d).

It necessarily results therefrom that, to entitle the employee to recover in this case, the disease of which he complains and for which he seeks compensation must have naturally resulted from an injury by accident.

The facts which the evidence most favorable to the employee tends to establish are these:

In connection with the business being conducted by the employer, and in which the employee was engaged, was used a chemical called soda ash. This is in a pulverized form, and is contained in sacks and stored in the basement of the building. It was a part of the employee's work to assist in moving these sacks from the basement to an upper floor in the building. Another chemical used in connection with the business is called bleach, which is contained in sealed drums, and in the course of his work the employee helped to transfer these drums from the car in which they were shipped to the bleaching room. He also assisted in cleaning up the bleaching room. The work of removing these sacks of soda ash and cleaning up the room necessarily caused dust from this soda ash to fly in the air and to be inhaled by the employees doing the work. The effect of inhaling this dust was to irritate the throat and lungs, causing those breathing it to sneeze and cough. This irritation is generally temporary, and rarely produces any harmful effect. Some persons, however, are more susceptible, and we may fairly conclude from the evidence that the employee here developed a disease therefrom which, if it can be said to constitute an accidental injury, would entitle him to compensation. The question,

therefore, is whether the breathing of dust necessarily caused by the very work in which the employee is engaged constitutes an accidental injury.

It can hardly be said that the decisions on this point are uniform, nor that they can be entirely reconciled, in view of the particular language used in the various Compensation Acts which have been under construction.

It is clear under our statute that it is not every injury which will entitle an employee to compensation, for the reason that the legislature was particular to limit compensation to those injuries which were accidentally sustained. In the very opening section of the act the phrases "injury" and "personal injury" are defined, and therein it is said these shall mean only injury by accident, and do not include diseases in any form, except such as naturally result from an accidental injury, and no injury, except one sustained by accident, carries with it compensation. We cannot, therefore, overlook the intention of the legislature to qualify the character of the injury by the term "accident" or "accidental." It is quite true that the use of the word "accident" or "accidental" in compensation statutes is not to be given a technical or literal meaning, but this does not mean that they are to be given no qualifying meaning at all. Certainly they imply that the injury must partake of the unusual, casual, or fortuitous. The word "accident" is derived from the Latin *"ad cidere,"* meaning to fall, a befalling, or not designed, and is usually applied to an event or happening in the nature of a misfortune, casual or fortuitous. In some of the statutes the word "accident" has been defined to mean an unexpected or unforeseen event, happening suddenly or violently, with or without careless fault, producing some objective symptom

of injury. The courts generally in dealing with the word have given it a somewhat similar definition. Under statutes like ours, occupational diseases have almost uniformly been held not to be included within the term.

We cannot conceive that the breathing of dust caused to arise necessarily from the very work being performed, has in it any element of accident. The material being moved was in the form of dust. It was contained in sacks. The very nature of the material and its container, and the movement thereof, necessarily, and not accidentally, caused the dust to float in the air, and to be breathed by the workmen. There was no accident in the form of the material, its container, or method of movement. The escape of dust in its movement did not result from any fortuitous circumstance; it was necessarily incident thereto. It seems to us that the same reasons which exclude occupational diseases must apply here, and exclude an injury which is produced by the necessities of the occasion, in the absence of any accident entering into the cause of or as producing the particular occasion.

A citation of cases is not believed to serve any useful purpose, other than to afford a ready reference to the various views expressed by the different courts in the construction of the various statutes involved. The cases are fully annotated in L. R. A. (N. S.) 1916A, at pages 23, 227-244, 283, 290, and L. R. A. (N. S.) 1917D, 103.

In nearly all the cases cited in the brief for the employee, it will be found that there was an element of accident connected with the injury, or the conditions were unusual and not necessarily incident to the employment. For example, in the Pennsylvania case referred to, where the employee was injured by the inhaling of poisonous fumes in a mine,

the gas was not the natural result of the work done, but an unforeseen and unexpected event. All the cases along this line cannot be thus distinguished, but they may be by a comparison of the particular acts involved, or upon a consideration of the facts in the particular case involving directly or indirectly an element of casualty. We do not feel bound by any authority which holds an injury to be accidental, where there is an entire absence of anything akin to accident, or where the injury is but the natural result of the existence of conditions necessarily incident to the very work being performed.

The result is that we are unable to agree with the conclusions reached by the trial court upon the grounds just stated and therefore the case must be reversed, and plaintiff's suit dismissed.

The question was properly presented in the motion for new trial under the assignment that there was no evidence to sustain the judgment.

Another objection urged against the decree is that the proof conclusively shows that no written notice of the accident was given to the employer within the thirty days prescribed by the statute. It is conceded, or at any rate the evidence shows conclusively, that the written notice was not given within the thirty days; but it is contended, in the first place, that a written notice within thirty days was not necessary because the employer had actual knowledge of the injury and accident, and that this actual knowledge entitles the employee to compensation up until the written notice was given, and as written notice was finally given, though not within thirty days, the failure to give it within thirty days would not prevent the recovery of compensation. This is a misconception of the provisions

of the statute. It is true that written notice is not necessary to entitle the employee to compensation prior to the time notice must be given, but unless notice is given within the thirty-day period the right to compensation ceases. In other words, a mere knowledge upon the part of the employer of the accident does not operate in favor of compensation indefinitely, it only operates until the time when notice is required to be given. This result necessarily follows from what was stated in the *Black Diamond Collieries Case,* 114 Tenn., 467, 234 S. W., 322.

In the next place it is contented that failure to give the written notice is accounted for by sufficient excuse, which is that, when the employee was finally taken sick, he was confined to his room for five or six months afterwards. The proof on this subject is quite indefinite and unsatisfactory, and in view of the conclusions reached upon the questions of law, it becomes unnecessary to pass upon this question of fact. Judgment here dismissing suit and costs against the plaintiff.