J. R. Morrison and Bituminous Casualty Corporation

*v.*

Bill H. James

(*Nashville,* December Term, 1956)

Opinion filed February 8, 1957.

A. A. Kelly, South Pittsburg, for plaintiff in error.

T. A. Greer, Jr., Dunlap, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a Workmen's Compensation case and resulted from an alleged injury to petitioner, James' back, caused by slipping and falling to the floor.

There is no question made about the 50.% disability and the amount of the award.

The proof shows that the petitioner suffered no disability to his back prior to the accident on January 20, 1955. Immediately after the accident his back began to give him trouble and grew progressively worse rapidly for a period of a few weeks, during which time he began medical treatment under Doctor Newell. This physician testified that, based upon the history of the petitioner, the x-ray findings and the treatment administered over a period of several months, he was of the opinion that the patient was suffering from a herniated intervertebral disc.

The defendant's doctor, Doctor Boehm, testified that all the symptoms of the petitioner were of a herniated intervertebral disc. This physician also testified that the petitioner's pain could have been caused by arthritis.

Now, the trial judge believed this testimony and this is material evidence to support the finding of the trial court.

And this being true we must take these findings and it is not a question of the preponderance of the evidence. *Liberty Mutual Insurance Company v. Maxwell*, 164 Tenn. 1, 46 S.W.2d 67.

However, the defendant insists that this injury is a matter under the record of conjecture.

The company physician, Doctor Boehm, testified that the case hangs between two fairly well-balanced probabilities: One is that this could probably be a case of arthritis or rheumatism; or, on the other hand, it could be a condition which was caused by a ruptured disc.

Treating the question thus, it seems to be settled by our recent case of *Lynch v. La Rue* (La Rue Canning Co.), 198 Tenn. 101, 278 S.W.2d 85, 87, in which the Court says:

"Thus it is that the facts established by the undisputed evidence make reasonable each of two contrary inferences. One of these inferences supports a conclusion of a casual connection. The other supports an opposite conclusion.

"In that situation, the trial judge, in his findings of fact, stated that Mr. Lynch 'has failed to carry the burden of proof that his injury arose out of and in the course of his employment'. The language used to state the same result in the judgment is that the evidence 'failed to show any casual connection between the accident and the injuries complained of in his petition'.

"(2) The record being as stated, the disposition to be made of this appeal is controlled by *Hartwell Motor Co., Inc. v. Hickerson,* 160 Tenn. 513, 519-520, 26 S.W. 2d 153, wherein it is held that if the findings of the trial judge are supported by inferences which may reasonably be had from the evidence, though that evi-

dence be reasonably capable of opposing inferences, a reviewing court will not disturb those findings.''

The opposite is true in the present case to the conclusions reached in Hartwell Motor Co., *supra,* however, the principle there laid down and the finding in the Lynch case *supra,* controls the decision here.

As indicated above there is material evidence to support the findings of the trial judge and the judgment of the lower court is affirmed.