Nashville Pure Milk Company, Appellants,

*v.*

Mrs. Willie Marie Rychen, Appellee.

(*Nashville*, December Term, 1957.)

Opinion filed February 6, 1958.

576

BARKSDALE, HUDGINS & OSBORN, WALTER C. LEAVER, JR., Nashville, for appellants.

MOORE, CROWNOVER, BRANSTETTER & FOLK, Nashville, for appellee.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Mrs. Willie Marie Rychen filed her petition under the Workmen's Compensation Act, T.C.A. sec. 50-901 *et seq.*

to recover compensation on account of the death of her husband, A. T. Rychen, for the benefit of herself and two minor children. The chancellor heard the evidence and awarded compensation, from which decree comes this appeal by the former employer of the deceased A. T. Rychen.

The first assignment of error relating to the alleged erroneous admission in evidence of certain questions must be overruled because it does not comply with Rule 14(3) of this Court, which provides in part, "when the error alleged is to the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected, with citation of record where the evidence and ruling may be found." If counsel has reference to the testimony of Dr. Tucker adduced by permission of the chancellor after the original hearing, this was a matter within the discretion of the chancellor. Gibson's Suits in Chancery (4th Ed.), Secs. 541, 114C, 1318.

The second assignment of error goes to the preponderance of the evidence which is not a proper assignment in Workmen's Compensation cases on appeal to this Court and the same is overruled.

The third assignment is that the court erred in finding that A. T. Rychen died of a heart attack, whereas the court should have found that the cause of death was not proved.

The fourth assignment is that the court erred in finding that the death of A. T. Rychen resulted from an injury by accident arising out of and in the course of his employment, such injury being exertion in the course of

his employment which aggravated his previously existing heart condition.

The fifth assignment is a re-statement of the fourth and fifth assignments and all will be treated together, because if there is any evidence to sustain the finding of the court below, these assignments must be overruled.

The evidence shows that deceased employe had worked for the appellant for several years and that in February, 1953, he had a severe heart attack due to a thrombus, as a result of which he remained in bed for a period of six weeks and was off from work all together for about three months. At that time his physician, Dr. Harlin Tucker, who testified in this case, advised him to quit the line of work in which he was engaged, that is, making deliveries on a milk route, but he did not follow his doctor's advice.

Up to that time, he had been working the Springfield route, which was a very heavy one but upon his resumption of work, his employer being likewise concerned for his safety, suggested that he cease this kind of work, but as he was unwilling to do so, he was given a route in West Nashville which was considered lighter work than the previous route.

During the period from the early summer of 1953 until the date of his death, December 21, 1955, the general course and extent of his work consisted of the routine of arriving at the plant of his employer around 3:30 to 4:00 A.M., working his route consisting of 175 to 200 stops for deliveries to residences located normally 50 feet away from the street, such deliveries usually consisting of not more than 6 quarts of milk at a time and

of mounting and dismounting as many as 5 or 6 steps at some of the residences; he usually returned to the Company plant at about 10:30 A.M.

Usually the employer had someone else to load his truck at the plant. As he made his daily route, however, it was necessary to shift the cases of empty bottles around in the truck. In doing so he would lift the cases of empties and sometimes cases of full bottles and stack them three cases high. A full case weighs more than 50 pounds.

On the morning of his death, he had completed all of his deliveries except possibly 8 or 9 stops when he stepped back into his truck and very shortly thereafter keeled over and expired. No autopsy was performed and there is no direct testimony as to the cause of his death but there is circumstantial evidence consisting of the following: It was generally known around the employer's plant that deceased had a heart condition. On repeated occasions he suffered some sort of illness while on his route and the Company, upon being given this information by him, sent someone out each time to finish his route for him; deceased called these spells "indigestion". Dr. Harlin Tucker testified that in view of the above described nature of his work, the immediate cause of death would be attributable to the damage his heart had sustained in his former thrombosis and the exercise probably precipitated his death.

Counsel for appellant seems to have pitched his case on the idea that there must have been some unusual occurrence or activity or exertion beyond the scope of the deceased's ordinary employment activities in order for the death to be compensable. We think this is a

misapprehension of our cases. The question is succinctly stated in *Patterson Transfer Co. v. Lewis,* 195 Tenn. 474, 478, 260 S.W.2d 182, 184, as follows:

"If an ordinary exertion or usual strain produces an unusual result, is the resulting injury by accident?"

The answer immediately follows:

"It is now well established that ordinary and usual exertion at work resulting in injuries, is compensable."

Then follows a further discussion of the authorities which need not be here quoted.

Dr. Tucker further testified, in response to a question with reference to whether physical exercise might cause a fatal attack, wherein he said:

"It would contribute to another thrombosis, and also, and more likely, contribute to the fatal end induced by something happening to the infarction, the damaged muscle already done. You do not have to have another coronary thrombosis, but you could have an overstrain of the damaged muscle called infarction, which resulted from the original thrombosis."

In view of the foregoing evidence and authorities cited, we must overrule the third, fourth and fifth assignments of error.

Assignments seven and eight are answered by the record respectively at page 51 and page 57, and are overruled.

Assignment six complains of the form of the ordering part of the judgment and the same must be sustained. There is nothing in the record to justify the language in

the ordering part of the decree, last paragraph, wherein a present judgment for the total possible award of $10,350 and execution on same is awarded. A judgment will be entered in this Court the same as was entered in the preceding three paragraphs of the judgment below and for costs, for which execution may issue, if necessary.

The cause is remanded to the trial court for enforcement of said judgment as the amounts awarded shall become due and delinquent.