CENTRAL MOTOR EXPRESS, INC.

*v.*

RICHARD M. BURNEY.

377 S.W.2d 947.

(*Knoxville,* September Term, 1963.)

Opinion filed April 8, 1964.

King & Fuston, Chattanooga, for petitioner.

Van Derveer, Brown & Siener, Chattanooga, for respondent.

Mr. Justice Felts delivered the opinion of the Court.

This is a workmen's compensation case in which the employee, petitioner, claims compensation for disability resulting from a herniated disc received while lifting heavy loads for defendant. After dismissing the petition, the Trial Judge granted a motion for a new trial and entered a judgment for the petitioner. He awarded com-

pensation for temporary total disability and partial permanent disability of 20% to the body as a whole.

Defendant employer has appealed in error and makes three assignments of error. He complains that the trial court erred (1) in finding that petitioner suffered an accident arising out of and in the course of his employment; (2) in finding that there was a causal connection between petitioner's employment and the alleged accident; and (3) in finding that petitioner gave notice as required by T.C.A. sec. 50-1002.

Prior to April 2, 1962, the date of the alleged accident, petitioner had worked for defendant as a freight loader for a period of seven years. It is undisputed that on August 11, 1961, he received an injury to his back in the course of his employment and was fully compensated for that accident. It is also undisputed that he returned to work with no permanent disability in September of 1961, and worked continuously until April 2, 1962, at which time he was force to quit work, owing to severe pain in his lower back and legs.

Two weeks prior to April 2, 1962, petitioner, according to his testimony, noticed considerable pain in his lower back and legs when he attempted to lift anything heavy. On April 2, he went to Ted Cline, one of defendant's managers, and complained that "his leg was going numb on him." Cline sent him to the company doctor, who examined him but could find nothing wrong, and suggested that he see another physician.

Petitioner consulted Dr. Warren Kimsey, a neurosurgeon, who diagnosed his trouble as a herniated disc. On April 4, 1962, two days after he quit work, Dr. Kimsey performed an operation and successfully removed the

protruding disc. On May 1, 1962, when petitioner was first able to get out of the hospital after his operation, he consulted an attorney who immediately, by letter to counsel for defendant, gave notice of petitioner's injury and claim for compensation.

The petitioner went back to work for defendant in August of 1963 at the same salary that he was receiving prior to the alleged accident.

In its first findings the trial court held that the petitioner had not suffered an accident within the meaning of the Workmen's Compensation Act, and dismissed the petition. However, upon the authority of a recent case (*Brown Shoe Co. v. Reed*, 209 Tenn. 106, 350 S.W.2d 65 (1961), called to the court's attention in a motion for a new trial, a new trial was granted and petitioner's petition sustained, and a judgment entered accordingly.

The Trial Judge, in his final findings, found that the herniated disc was the result of an accidental injury received in the course of his employment, and that April 2, 1963, the last day he was able to work, should be considered the date of the accident for the purpose of notice requirements. He further found that the notice given by petitioner's attorney on May 1, 1963, would be within the time allowed by law, but even if it were not, it would not preclude a recovery because defendant did not show any prejudice.

Under our workmen's compensation statute, compensation is due an employee only if there is (1) "an injury by accident" (2) "arising out of" and (3) "in the course of employment"; and "arising out of" and "in the course of" are but facets of the single question of wheth-

er an injury was accidental and work-connected (T.C.A. sec. 50-902(d).

It is defendant's contention that petitioner did not suffer an accidental injury within the terms of the statute, but that rather his excruciating pain was a recurrence of an old back injury with which his work had no connection. Defendant also insists that his protruding disc injury was not compensable because petitioner could not pinpoint a particular accident on the job, and because the alleged accident was not traceable to a definite time and place.

We think that these contentions of defendant are without merit and that the questions raised by him are foreclosed by Mr. Chief Justice Burnett's opinion in *Brown Shoe Co. v. Reed,* supra, where a petitioner was awarded compensation even though the cause of his injury could not be traced to a definite time and place.

There, an employee suffered a disability resulting from the repeated movement of his left arm in the operation of a machine, which caused a severe strain on the arm and made the ulnar nerve in his arm rub across a bone in his elbow. In that case, the petitioner first went to the company doctor, but when the pain did not subside, he consulted a specialist who diagnosed his trouble as atrophy and performed an operation.

This Court found that when an employee in the course of his employment experiences gradual injuries to a nerve, culminating in substantial permanent disability of an appendage, such unexpected, fortuitous injury, although it developed gradually over a period of time, is an accidental injury within the terms of the statute, and, therefore, compensable. *Brown Shoe Co. v. Reed,* supra;

*Sears-Roebuck & Co. v. Starnes,* 160 Tenn. 504, 26 S.W. 2d 128 (1930).

Professor Larson in his treatise on the law of workmen's compensation suggests that the underlying practical reason for insisting on a definite date of the accident is that a number of important questions cannot be answered unless a date is fixed, such as which employer or insurance carrier is on the risk, whether notice of injury and claim is within the statutory period, and many others. 1 Larson, Workmen's Compensation Law, sec. 39.10 at 568.

It is, therefore, most important in the gradual injury cases to determine when the accident occurred. In fact, if the date of the accident cannot be determined, there is very good reason to disallow compensation.

In *Brown Shoe Co. v. Reed,* supra, 209 Tenn. 106, 115, 350 S.W.2d 65, 69, Chief Justice Burnett quotes approvingly from Professor Larson to show that some gradual injuries should be compensable. There, he says:

"Most jurisdictions will regard the time of accident as sufficiently definite if either the cause is reasonably limited in time or the result materializes at an identifiable point. In the absence of definiteness in time of either cause or effect, as when repeated impacts or inhalations gradually produce disability, many courts find accident by treating each impact or inhalation as a separate accident." 1 Larson, Workmen's Compensation Law, sec. 39.00 at 568 (209 Tenn. 115, 350 S.W.2d 69).

From our reading of *Brown Shoe Co. v. Reed,* supra, we think that the present rule in this state is that when a condition has developed gradually over a period

of time resulting in a definite work-connected unexpected, fortuitous injury, it is an "accident" within the terms of of our Workmen's Compensation Act, and compensable. This rule conforms with the majority of other jurisdictions which have considered this question, and is expressed in Larson as follows:

"It is safe to say, however, that on the strength of one or more of these reasons, most jurisdictions have at some time awarded compensation for conditions that have developed, not instantaneously, but gradually over periods ranging from a few hours to several decades, culminating in disability from silicosis and other dust diseases [then naming various and sundry things which would be included in the occupational disease statute], * * * cancer, snow blindness, *atrophy, herniated disc and the like*" (italics ours). 1 Larson, Workmen's Compensation, sec. 39.10 at 569.

■ Moreover, to be compensable in this state, an injury need not have been foreseen or expected, but after the event it must only appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence and reasonably have been, if thought of at the time of employment, considered a risk. *West Tennessee Nix-A-Mite Systems, Inc. v. Funderburk,* 208 Tenn. 381, 346 S.W.2d 250 (1960).

■ In the instant case petitioner, over a period of time, gradually developed a protruded or herniated disc. According to material evidence it resulted in a work-connected disability. Even though this condition was produced by strain or exertion involved in lifting heavy freight, we think that under the rule laid down in *Brown Shoe Co. v. Reed,* supra, it is a compensable injury.

Even before the Brown case, we had held that if an ordinary or usual strain in the course of employment produces an unusual or unexpected result, the resulting injury is by accident and compensable. *Patterson Transfer Co. v. Lewis,* 195 Tenn. 474 478, 260 S.W.2d 182, 184 (1952); *Nashville Pure Milk Co. v. Rychen,* 204 Tenn. 575, 580, 322 S.W.2d 432 (1957); *Sears-Roebuck & Co. v. Starnes,* supra.

Defendant, however, insists that these cases are distinguishable. It is his contention that in order to allow compensation for strain, there must be some showing that either usual or unusual exertion was the contributing factor to cause a sudden mechanical or structural change; and that in the instant case there was an absence of such a "sudden structural change."

It is true that some jurisdictions may require a suddenness of mechanical or structural change. But in this state we have followed Professor Larson's suggestion that even where both the cause and effect are gradual rather than sudden, the repeated impact or inhalation theory may be used to show a compensable accidental injury. *Brown Shoe Co. v. Reed,* supra, 209 Tenn. 106, 115, 350 S.W.2d 65; *Sears-Roebuck & Co. v. Starnes,* supra.

Moreover, in a footnote discussing the jurisdictions adopting this repeated-impact doctrine, Professor Larson cites our opinion in *Shaw Co. v. Musgrave,* 189 Tenn. 1, 222 S.W.2d 22 (1949), where an employée was allowed compensation for an infection caused from continued impacts of a band saw on his chest. We think the same theory would apply for a definite work-connected strain or exertion and, therefore, hold that the Patterson and Nashville Pure Milk Company cases, supra, are not distinguishable and are applicable.

■ Counsel for defendant next contends that in the absence of direct or positive proof of a causal connection between the employment and the herniated disc there can be no compensation. He cites and relies upon our opinion in *Lynch v. La Rue,* 198 Tenn. 101, 278 S.W.2d 85 (1954) where it is said that an award cannot be predicated solely upon the testimony of medical experts who are not willing to go any further than to say it "is possible" or "could be" that there was a causal connection between the employment and the resulting injury.

In the instant case it is true that Dr. Kimsey's testimony is somewhat speculative. He testified that it was physically impossible for him to determine when the injury occurred; that the petitioner could have had the protruded disc for a long time without much pain or that he could have gotten it recently by a work-connected injury; that only the petitioner could know when it occurred; and that he would, therefore, have to take petitioner's word for it.

This does not mean, however, that this testimony is without any evidentiary value. In *Lynch v. La Rue,* supra, cited and relied upon by defendant, Mr. Justice Tomlinson goes on to say that if there is other evidence from which the trial judge may reasonably infer that the injury did result from his employment and if the findings of the trial judge are supported by inferences which may reasonably be drawn from the evidence, this Court will not disturb those findings.

Referring again to Professor Larson, we think that he puts this problem in its proper perspective:

"It is common experience of compensation and personal injury lawyers to find that the more distin-

guished a medical witness is, the more tentative and qualified are his statements on the witness stand. He will testify that the sledgehammer blow on claimant's head might have caused claimant's headache, but hesitates to say positively that this was the only possible cause, and may concede on cross-examination that there could conceivably be other causes. The weight of such testimony, however, should not be too sharply discounted because of the disposition of the highly-trained scientific mind to refrain from unqualified statements or opinions on such matters as causation.'' 2 Larson, Workmen's Compensation, sec. 80.32 at 322-323 (1961).

We think that here there was sufficient evidence in addition to the doctor's testimony to justify the trial court's finding of a work-connected injury. The doctor himself testified that in his opinion only petitioner could know whether the requisite causation existed. Petitioner's credibility, as well as the credibility of all the other witnesses, was a matter peculiarly within the province of the trial judge. He apparently believed them. Therefore, since there was material evidence to support his findings, under our scope of review, they are conclusive. *Morrison v. James,* 201 Tenn. 243, 245, 298 S.W.2d 714, 715 (1957) ; *Patterson Transfer Co. v. Lewis,* supra.

■ Defendant finally complains that even if petitioner's injury was compensable under the statute, it is not compensable in the instant case for the alleged failure of petitioner to give notice of the injury to the employer within thirty days (T.C.A. sec. 50-1001). However, the trial court found that sufficient notice was given. Therefore, if there is any material evidence to support that

finding, it is conclusive upon this Court. *Morrison v. James,* supra.

Under the doctrine of *Brown Shoe Co. v. Reed,* supra, which we have held to be applicable in the present case, the beginning date for computing notice is the date on which the disability manifests itself to such an extent that petitioner was forced to leave work. Here, the petitioner ceased to work for defendant on April 2, and notice was given to him by means of a letter to his attorney on May 1. We think that this is material evidence sufficient to support a finding of the requisite notice, and this assignment is, therefore, overruled.

We have considered all of the defendant's assignments of error and find them without merit. The judgment of the trial court must, therefore, be affirmed; and the costs of the appeal are adjudged against defendant-plaintiff in error, and the surety on its appeal bond.