The Kroger Company, Plaintiff in Error,

*v.*

Sam W. Johnson, Defendant in Error.

430 S.W.2d 130.

(*Jackson,* April Term, 1967.)

Opinion filed September 1, 1967.

J. W. Kirkpatrick and Max D. Lucas, Jr., Memphis, of counsel, Kirkpatrick & Lucas, Memphis, for plaintiff in error.

Ronald M. Harkavy, Memphis, of counsel, Hardison, Robertson & Harkavy, Memphis, for defendant in error.

Mr. Justice Dyer delivered the opinion of the Court.

This appeal, in a Workmen's Compensation case, presents the issue of whether the employee suffered an injury by accident arising out of and in the course of his employment. In this opinion plaintiff in error, The Kroger Company, will be referred to as employer and defendant in error, Sam W. Johnson, as employee.

Employee, male, age 38, has congenital flat feet. When about 18 years old he went to work in employer's bakery and remained in this employment until 1 August 1963. This employment required standing on a hard floor lifting and moving pans of bread generally weighing 12 to 15 pounds but at times weighing up to thirty pounds. Employee testified during the first 17 years of his life his feet and legs got tired but there was no pain. That a few years (6 or 7) after going to work for employer he began to notice, at the end of each work day, considerable pain and cramping in his feet and legs which would subside upon rest off his feet. That such was also true when he worked around home or was otherwise on his feet any length of time. About January 1963 he began to notice this pain in his feet and legs was getting progressively worse and by 1 August 1963 had reached such a point it would not subside even after a full night's rest. On 1 August 1963 he sought medical aid.

The Chancellor found employee had sustained an injury by accident arising out of and in the course of his employ-

ment and awarded employee benefits based on 50 per cent permanent partial disability to the body as a whole.

Under our Workmen's Compensation Statutes by T.C.A. sec. 50-902(d) in order for an employee to receive benefits for an injury it is necessary the injury be one incurred by "accident." In the case at bar the employee has an injury in that, due to greater pain, he has lost the natural use and capability of his feet; the medical proof does not show any actual physical change in his feet. The problem here is whether the employee has sustained the injury by "accident."

In *Meade Fiber Corp. v. Starnes,* 147 Tenn. 362, 247 S.W. 989 (1922) the employee claimed an injury by accident. The employee's normal work required the moving of sacks containing chemicals in pulverized form which action caused dust from these sacks to fly in the air and be inhaled by employee. The injury resulted from the employee inhaling this chemical dust. On the question of whether such was an accidental injury this court found breathing of this dust contained no element of accident in that it did not result from any fortuitous circumstance but was necessarily incident to the work performed. This court in regard to "accident" said:

It is quite true that the use of the words 'accident' or 'accidental' in compensation statutes is not to be given a technical or literal meaning, but this does not mean that they are to be given no qualifying meaning at all. Certainly they imply that the injury must partake of the unusual, casual, or fortuitous. The word 'accident' is derived from the Latin 'ad cidere,' meaning to fall, a befalling, or not designed, and is usually applied to an event or happening in the nature of a misfortune, casual or fortuitous. In some of the statutes the word

'accident' has been defined to mean an unexpected or unforeseen event, happening suddenly or violently, with or without careless fault; producing some objective symptom of injury. The courts generally in dealing with the word have given it a somewhat similar definition. Under statutes like ours, occupational diseases have almost uniformly been held not to be included within the term.''

147 Tenn. 365, 247 S.W. 990.

In *King v. Buckeye Cotton Oil Co.,* 155 Tenn. 491, 296 S.W. 3, 53 A.L.R. 1086 (1927) the employee, employed as a fireman in a boiler room, suffered heat prostration on a particularly hot day. The events of the day had been usual and normal. In this case it was insisted if such be an injury it was not an 'injury by accident.' The Court first cited the meaning given to the word 'accident' as stated in *Meade Fiber Corporation v. Starnes,* 147 Tenn. 362, 247 S.W. 989 (1922) and then applied same to the facts of the *King* case as follows:

We do not think, however, that heat exhaustion or heat prostration can be said to be a necessary incident or an expected result of employment as a fireman in a boiler room. Whether the condition be caused solely and entirely by the excessive temperature of the room or place in which the employee is at work, or whether the excessive temperature of the place and the present physical condition of the workman combine to produce the result, there is an element of sudden, unforeseen and unexpected casualty and misfortune in the result. The fireman expected to become hot, but he did not expect to become overheated to the point of exhaustion or prostration. The difference may be one only of degree, but we see no reason why such a difference may

not mark the boundary between the expected or anticipated and the unexpected or fortuitous. Certainly it marked the boundary, in the case of the deceased workman, between safety and misfortune.

155 Tenn. 497, 296 S.W. 5.

In *Sears-Roebuck & Co. v. Starnes,* 160 Tenn. 504, 26 S.W.2d 128 (1930) the employee developed a callous on the tip of a finger from operating a listing machine for about five weeks. An infection developed under this callous resulting in a disability for which benefits were allowed. In this case the court cited *Woodruff v. R. H. Howes Construction Co.,* 228 N.Y. 276, 127 N.E. 270 which defined accident as "an event that proceeds from an unknown cause, or is an unusual effect of the known cause, and therefore not expected." This court in approving the award said:

In the instant case the employee might have expected a callous to appear on her finger tip, just as callouses often do upon the finger tips of stenographers and violinists, but the appearance of an infection therefrom was something fortuitous, not to be expected, an unusual event or result, and therefore accidental.

160 Tenn. 506, 26 S.W.2d 131.

In *Benjamin F. Shaw Co. v. Musgrave,* 189 Tenn. 1, 222 S.W.2d 22 (1949) on the question of defining accident this court said:

Suffice it to say that we have never laid down any exclusive definition of the term. This Court has been content always to say that the word accident is 'usually

applied'' to an event or happening in the nature of a misfortune, casual or fortuitous.

189 Tenn. 7, 222 S.W.2d 24.

In *Brown Shoe Co. v. Reed*, 209 Tenn. 106, 114, 350 S.W.2d 65 (1961) the usual and normal work of the employee placed such a strain on his arm as to force the ulnar nerve out of its normal position and across one of the bones of the elbow; which action would occur a number of times each working day. This first caused the employee some pain and soreness in the arm which subsided over night. Later the pain and soreness became continuous resulting in a disability to the arm and hand. This court, finding these usual and normal acts of the employee produced an unintended and unexpected result (damage to the ulnar nerve) affirmed an award made to employee. In this case the court in regard to ''accident'' said:

An accident is generally an unlooked for mishap, an untoward event, which is not expected or designed. Generally in most such cases this Court has repeatedly said that a compensable injury should be the result of something happening by accidental means though the act involving the accident was intentional. Accidental means ordinarily mean an effect which was not the natural or probable consequence of the means which produced it, an effect which does not ordinarily follow and cannot be reasonably anticipated from the use of those means, an effect which the actor did not intend to produce and which he cannot be charged with the design of producing. It is produced by means which were neither designed nor calculated to cause it. It cannot be reasonably anticipated, it is unexpected, it is

produced by unusual combinations of fortuitous circumstances and such an injury is an injury by accidental means.

209 Tenn. 114, 350 S.W.2d 69.

As stated in *Benjamin F. Shaw Co. v. Musgrave,* supra this court has never attempted to lay down an exclusive definition of the word "accidental" nor do we attempt to do so now. However in determining whether an injury was incurred by accident there are some boundaries the courts are required to observe. One of these boundaries is that the injury be unexpected. *In Meade Fiber Corp. v. Starnes,* supra the employee received an injury but it was one to be expected under the nature of his employment. In *King v. Buckeye Cotton Oil Co.,* supra the employee as a fireman in a boiler room would expect to become hot but would not expect to suffer heat prostration. In *Sears-Roebuck & Co. v. Starnes,* supra the employee would expect a callous to develop on her finger but would not expect an infection from the callous. In *Brown Shoe Company v. Reed,* supra the employee by the nature of his work could expect considerable tiring in his arms but would not anticipate or expect the ulnar nerve to be damaged.

The medical testimony in this record is by two orthopedic surgeons. The deposition of Dr. Moore Moore, Jr. was taken and entered in evidence by the employee and the deposition of Dr. James Grady McClure was taken and entered in evidence by the employer. We find no material contradictions in the testimony of these two doctors and think their testimony supports a finding the employee now has a disability or injury in that he now suffers more severe pain for a longer period of time,

which condition has been aggravated by or contributed to by his prolonged standing and lifting at employer's bakery.

We also find the medical and lay proof supports the inescapable conclusion the greater pain, suffered by employee, could not have been other than the expected result of the passage of time and prolonged standing by the employee on his congenital flat feet. Dr. Moore expressed this when he said "it is probable the symptoms will become more severe through the years incidental to his becoming older and having an occupation of prolonged standing on his feet." At another point Dr. Moore expressed the same thought when he said "he has very poor feet." Dr. McClure expressed the same thought when he said "some aching in the feet or legs at the end of the day in people with flat feet is very common and consistent with flat feet."

The facts on the point determinative of this case are not in dispute. It results from these facts we reach a different legal conclusion than the one reached by the Chancellor. We hold the employee did not suffer an injury by accident.

The judgment of the trial court is reversed and the cause dismissed.

BURNETT, CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.