**Ruth Ann KIRK, Plaintiff-Appellee,**

v.

**MAGNAVOX CONSUMER ELECTRONICS COMPANY, Defendant-Appellant.**

Supreme Court of Tennessee, at Knoxville.

Feb. 27, 1984.

Robert Payne Cave, Greeneville, for plaintiff-appellee.

N.R. Coleman, Jr., Greeneville, for defendant-appellant.

## OPINION

BROCK, Justice.

In this worker's compensation case the trial court awarded benefits to the employee and the employer appeals urging that the trial court erred in finding that the employee had complied with the notice provisions of T.C.A., § 50–6–201.

The trial court found that the injured employee did give notice of her injury to Ms. Hope Drummond, an employee in the Personnel Department of the employer, on August 25, 1980, which was within thirty days of the date of the alleged accident. It is the defendant's contention that Ms. Hope Drummond was not in "such supervisory capacity so that notice to her could be imputed to the company." The trial court held that notice to Mrs. Drummond was notice to the company and we affirm that conclusion.

The statute requires that notice be given to the employer unless it can be shown that the employer has actual knowledge of the accident. T.C.A., § 50–6–201. However, timely notice to the agent or representative of the employer is a sufficient notice to the employer, provided the agent or representative to whom notice is given has actual or apparent authority to receive notice on behalf of the employer. 100 C.J.S. *Worker's Compensation* § 447 (1958) and cases there cited. It must be someone whose position justified the inference that authority has been delegated to him by the employer as his representative to receive notice of accidental injury.

*Dorsch v. Fisher Scientific Co.*, 7 A.2d 604, 136 Pa.Super. 197 (1939). Although, as this Court held in *Gluck Brothers, Inc. v. Breeden*, Tenn., 387 S.W.2d 825 (1965), notice to a superior of the employee may be sufficient to notify the employer, it is not true that "superiors" of the injured employee are the only persons authorized by the employer to receive notice on his behalf; such authority may be found in the nature of the employee's duties as well as in his "rank" in the employment hierarchy. *Vester Gas Range & Mfg. Co. v. Leonard*, 148 Tenn. 665, 257 S.W. 395 (1923); *Modern Upholstered Chair Company v. Russell*, Tenn., 518 S.W.2d 519 (1974).

We find evidence in the record sufficient to support the conclusion or finding of the trial court that Ms. Hope Drummond was a proper person to receive notice of plaintiff's injury on behalf of the employer. Ms. Drummond testified that she was the employer's personnel clerk, that it was among her duties to attend to absenteeism, to receive physicians' statements from injured and ailing employees, to receive excuses from work from employees, to ascertain by questioning the employees reporting to her whether or not their ailment was work connected and, if so, to direct them to the first-aid department. Ms. Drummond further testified as follows:

"Q. All right, you may have had a statement ... do you usually discuss with the employees when they come in with a particular statement something about what the statement is about?

"A. If the initial statement has what is wrong with them, and how long they are going to be off from work, I normally do not. If the statement says that they are injured, or anything like that, I do proceed to question them.

"Q. All right, you would then proceed to ask some question about their injury, or where they got the injury, or how they injured themselves?

"A. If it's a work injury or a home injury, if the statement says that.

"Q. Yes, and you would make that determination ....

"A. Yes.

＊　＊　＊　＊　＊　＊

"A. If they tell me that it's work related, I'll go through the proper procedure, but unless they do tell me, I don't question it, no.

"Q. All right, and what is the proper procedure?

"A. If somebody comes in and says that its work related?

"Q. Yes?

"A. Like I say, I stamp the doctor's statement, and send it to first-aid and the nurse handles it.

"Q. Is that an oral referral?

"A. Yes.

"Q. Do you tell them to go to first-aid, right?

"A. Yes."

Ms. Drummond did not recall the conversation that she had with the employee on August 25, 1980, when the employee supposedly gave notice to her; but, the employee testified that on that date she reported to Ms. Drummond and left with her a statement from her physician which advised the employer that the employee would be unable to work for an indefinite period of time due to a "low back strain" and that she at that time informed Ms. Drummond: "Well, I have hurt my back on the job, ..."

Issues of credibility of the witnesses are settled by the trial judge and, ordinarily, are not subject to redetermination by this Court.

We hold that the evidence hereinabove pointed out was sufficient to support the findings of fact of the trial court and that he applied the proper legal principles to those facts in reaching his ultimate conclusions and decree. Accordingly, the decree of the trial court is in all things affirmed and costs incurred upon this appeal are taxed against the appellant and surety.

This cause is remanded to the trial court for execution of the decree.

FONES, C.J., and COOPER, HARBISON, and DROWOTA, JJ., concur.