IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 25, 2007 Session

# HAROLD DENNIS HARDAWAY & wife, SONYA HARDAWAY, v. HAMILTON COUNTY, TENNESSEE BOARD OF EDUCATION, DERTHICK, HENLEY & WILKERSON, CONSTRUCTION & IMPROVEMENT SPECIALTY CO., and HBJ CORPORATION

Direct Appeal from the Circuit Court for Hamilton County
No. 01-C-1766    Hon. W. Neil Thomas, III., Circuit Judge, Division No. IV

No. E2006-01977-COA-R3-CV - FILED NOVEMBER 29, 2007

In this action for damages allegedly due to water runoff from construction for a new school, the Trial Court granted defendants summary judgment. On appeal, we conclude there are disputed issues of material fact, and remand and vacate the summary judgment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Harold & Sonya Hardaway, Chattanooga, Tennessee, *pro se*.

Craig R. Allen, Chattanooga, Tennessee, for appellee, Construction & Improvement Specialty Co.

Mary Neill Southerland, Chattanooga, Tennessee, for appellee, Hamilton County Board of Education.

Randolph A. Veazey, Nashville, Tennessee, for appellee, HBJ Corporation.

**OPINION**

In this action, plaintiff homeowners sued defendants, alleging their home was damaged due to water runoff from a construction project for a new school on land adjoining plaintiffs' property. Summary judgment was ultimately granted to defendants and plaintiffs have appealed as to HBJ Corporation, ("HBJ"), Construction & Improvement Specialty Company, ("CISC"), and Hamilton County, Tennessee Board of Education.

In granting summary judgment, the Trial Court entered a Memorandum and found that neither of plaintiffs' experts had opined that the mold found under plaintiffs' house was caused by the actions of defendants.[1] The Court also found that one of plaintiffs' experts had stated that he could not tell how long the mold had been under the plaintiffs' house. Thus, the Court found that summary judgment was appropriate as to CISC and HBJ.

Then Hamilton County filed a Motion for Summary Judgment on the claim of inverse condemnation. The Court entered a Memorandum Opinion on this Motion and stated that summary judgment had previously been granted to the other defendants because there was no opinion of the cause of the mold in plaintiffs' home, that the same was true now, and granted defendants summary judgment.

On appeal, plaintiffs argue that the Trial Court erred in granting summary judgment to the defendants brought up on appeal. Plaintiffs rely on the testimony of their experts, as well as their own affidavits/deposition, to establish the fact that mold was not present underneath their home before construction on the school began. Defendants argue that plaintiffs have not established causation.

As our Supreme Court has stated:

An appellate court reviews a grant of summary judgment de novo with no presumption that the trial court's conclusions were correct. Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. In reviewing the record, "[c]ourts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor." "If both the facts and conclusions to be drawn therefrom permit a reasonable person to reach only one conclusion, then summary judgment is appropriate."

*Pero's Steak and Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002)(citations omitted).

---

[1] Defendants filed affidavits of experts who opined that there were many places in plaintiffs home where water had entered the basement for many years creating the mold damage.

Essentially, the Trial Court granted summary judgment here, because plaintiffs' experts did not definitively opine that the mold in plaintiffs' home was caused by the school construction. Both plaintiffs, however, filed affidavits that they saw the water runoff from the school construction come down and hit their house, and that they had not had such water problems before the construction. Plaintiffs provided photographic evidence of the excessive water that they state was runoff from the construction site. Plaintiffs' engineering expert, a Mr. Allen, opined that this runoff was possible.

Most importantly, Mr. Hardaway explained that he had been under his house on two occasions in summer and fall of the year 2000, and had not seen any mold growing underneath the house. He explained that he had seen water standing in the crawl space of his home after the construction began. The plaintiffs' affidavits state that sometime after the water problems began from the construction, they began to notice a foul odor in their home. Mr. Hardaway testified that when he looked under the house again in 2001, he saw the excessive mold growth, and that he too saw the obvious mold growth, and provided photographs of the same. Carter testified that the mold growth was caused by excessive moisture, was active, and did not appear to be old growth, although he could not opine exactly how long it had been there. The combination of the expert and lay testimony clearly creates a genuine issue of material fact regarding whether water runoff from the school construction caused the mold growth under plaintiffs' home, especially when viewing the evidence in the light most favorable to plaintiffs.

As our Supreme Court explained in a case involving negligent construction:

In *Casone v. State*, 193 Tenn. 303, 246 S.W.2d 22, 26 (1952), Justice Burnett taught us when expert testimony is necessary. The subject under examination must be one that requires that the court and jury have the aid of knowledge or experience such as men not specially skilled do not have, and such therefore as cannot be obtained from ordinary witnesses.

As the learned text writer points out, "the subject of expertise must be one that would not be comprehensible to jurors without the aid of an expert witness." Paine, Tennessee Law of Evidence, s 174. We do not perceive this to be such a case. The digging of ditches and the laying of cables are matters within the ken of ordinary laymen. The vagaries of the weather are matters of great concern and a topic of daily conversation among people generally, regardless of their background, profession, or station in life.

*Lawrence County Bank v. Riddle*, 621 S.W.2d 735, 737 (Tenn. 1981). Similarly, here, plaintiffs were competent to testify that they experienced water problems at their home during construction of the school that they had never experienced before, and that some months after these water problems began, they noticed a foul odor emanating from underneath their house. Mr. Hardaway testified that, when working underneath his house, he did not see any mold growing there prior to

the beginning of the school construction, or in the early period of the construction, and that after the construction had been going on for a while, the mold growth became apparent. Plaintiff's' testimony on these issues is factual testimony of what he personally observed.

Moreover, plaintiffs can offer their opinion of the cause of the mold growth. See Tenn. R. Evid. 701, and when plaintiffs' testimony is coupled with the experts' testimony, it is clear that an issue of disputed material fact has been established that precludes summary judgment. A causal connection may be established by expert opinion combined with lay testimony. *White v. Werthan Industries*, 824 S.W.2d 158 (Tenn. 1992).

For the foregoing reasons, we vacate the summary judgments granted to defendants HBJ, CISC, and Hamilton County.

The cost of the cause is assessed jointly and severally to the defendants and the cause remanded.

_____
HERSCHEL PICKENS FRANKS, P.J.