**FILED**

**July 7, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 7:15 AM**



## COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

**EMPLOYEE: Regina Kirk**

**DOCKET #:  2015-01-0036**

**EMPLOYER: Amazon.com, Inc.**

**STATE FILE #: 79228-2014**

**CARRIER:  Sedgwick CMS, Inc.**

**DATE OF INJURY: Sept. 24, 2014**

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Regina Kirk, the employee, on May 4, 2015. The Court conducted an in-person Expedited Hearing on June 15, 2015.

Considering the positions of the parties, the applicable law, and all testimony and documentary evidence admitted at the Expedited Hearing, the Court finds that Ms. Kirk is not entitled to the interlocutory relief she requested because she did not submit sufficient medical expert opinion to establish that, at a hearing on the merits, she would likely prevail in establishing that her injury arose primarily out of and in the course and scope of employment.

## ANALYSIS

### Issues

(1) Whether Ms. Kirk sustained an injury that arose primarily out of and in the course and scope of employment with Amazon.com, Inc. (Amazon).

(2) Whether Ms. Kirk is entitled to Medical and Temporary Disability Benefits.

### Evidence Submitted

Only Ms. Kirk testified at the Expedited Hearing.  Excluding Exhibit 16, which

1

the Court admitted for identification purposes only and did not consider in its decision, the Court admitted the following exhibits into evidence at the Expedited Hearing:

- Exhibit 1—Affidavit of Regina Kirk;
- Exhibit 2—Records of AmCare;
- Exhibit 3—Records of Workforce Corporate Health/Dr. Jayant Eldurkar;
- Exhibit 4—Records of Center for Sports Medicine & Orthopaedics/Dr. Jason Robertson (the records in this exhibit were filed with the Dispute Certification Notice);
- Exhibit 5—Records of Center for Sports Medicine & Orthopaedics/Dr. Jason Robertson (the records in this exhibit were obtained pursuant to subpoena and filed by permission granted in the Court's order of May 26, 2015);
- Exhibit 6—First Report of Injury;
- Exhibit 7—Associate First Report of Injury;
- Exhibit 8—Notice of Denial of Claim for Compensation;
- Exhibit 9—Wage Statement;
- Exhibit 10—Agreement Between Employer/Employee Choice of Physician form;
- Exhibit 11—Authorization for Initial Medical Evaluation;
- Exhibit 12—Return to Work Order dated February 19, 2015;
- Exhibit 13—Clinical Visit Summary from Center for Sports Medicine & Orthopaedics dated February 19, 2015 (page 2);
- Exhibit 14—Clinical Visit Summary from Center for Sports Medicine & Orthopaedics dated February 19, 2015 (page 1);
- Exhibit 15—Physical/Occupational Therapy Order dated February 19, 2015;
- Exhibit 16—Damages/Benefits Due Chart prepared by Ms. Kirk's attorney (Marked for Identification Purposes only).

The parties stipulated that "the eligibility for any award of past due temporary total disability benefits, if applicable, should commence February 19, 2015, due to the Employee being placed on restricted duty, which the Employer was unable to accommodate." *See* Agreed Stipulation filed June 19, 2015.

The Court designated the following as the technical record in this claim:

- Petition for Benefit Determination filed February 19, 2015;
- Dispute Certification Notice filed April 7, 2015;
- Request for Expedited Hearing filed May 4, 2015;
- Ms. Kirk's Motion to Continue Expedited Hearing filed May 5, 2015;
- Amazon's Response to Motion to Continue filed May 6, 2015;

2

- Amazon's Response to Ms. Kirk's Request for Benefits filed May 11, 2015;
- Ms. Kirk's Motion to Strike Motion to Continue filed May 21, 2015;
- Order for Additional Time filed May 26, 2015;
- Order for Evidentiary Hearing filed May 26, 2015; and
- Agreed Stipulation filed June 19, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence at the Expedited Hearing.

## History of Claim

A First Report of Injury prepared by Amazon documents that, on September 24, 2014, Ms. Kirk, a packer, reported a "left shoulder strain" and that she "developed gradual pain while packing." (Ex. 6). An Associate First Report of Injury, completed the date of injury, recorded that Ms. Kirk's "shoulder popped while getting item to placing [sic] in box, as day went on it feels like a pull to left arm above neck." (Ex. 7).

For a short period after her injury, Ms. Kirk received ice, bio-freeze, and non-prescription medication at AmCare, an in-house clinic at Amazon. (Ex. 1, p. 1; Ex. 2). When Ms. Kirk's left-shoulder pain did not subside, she asked to see a doctor. Amazon offered Ms. Kirk a panel, from which she selected Dr. Jayant Eldurkar. (Ex. 10).

Dr. Eldurkar examined Ms. Kirk on October 6, 2014. (Ex. 3, p. 2). He noted that Ms. Kirk reported left-shoulder pain "from reaching across and lifting at heights." (Ex. 3, p. 2). Dr. Eldurkar also noted that "no particular incident occurred." (Ex. 3. P. 2). Dr. Eldurkar diagnosed a "[l]eft rhomboid sprain/strain" and returned Ms. Kirk to work without restrictions. (Ex. 3, pp. 2-3). After the visit, Dr. Eldurkar completed an Amazon form on which he wrote that Ms. Kirk sought treatment for a left "upper back spasm." (Ex. 3, p. 5). He communicated his opinion on causation by marking a box on the form designated "Not Work-Related." (Ex. 3, p. 5). On October 17, 2014, Amazon denied the compensability of Ms. Kirk's claim on the ground there was "[n]o medical evidence of work-related injury." (Ex. 8).

Ms. Kirk's left-shoulder pain worsened as she continued to work. On February 19, 2015, she sought care on her own from Dr. Jason Robertson, an orthopedic surgeon (Ex. 4, p. 2). Dr. Robertson recorded that Ms. Kirk told him that her left-shoulder pain began September 23, 2014, when "she was reaching for something on a shelf when her left shoulder popped." (Ex. 4. p. 2).

Dr. Robertson examined Ms. Kirk's left shoulder and ordered x-rays. (Ex. 4, p. 3). He interpreted a left-shoulder x-ray "to show a type III acromion and mild glenohumeral degenerative joint disease." (Ex. 4, p. 3). Dr. Robertson diagnosed a "left shoulder

3

subacromial impingement" and restricted Ms. Kirk from lifting over ten (10) pounds with her left upper extremity. (Ex. 4, p. 3). Dr. Robertson completed forms that indicated differing opinions as to whether Ms. Kirk's left shoulder injury was work-related. (Ex. 4, p. 9; Ex. 5, pp. 5, 12-13, 19).

Ms. Kirk has not worked since February 19, 2015. The parties stipulated that Ms. Kirk's absence from work is due to the fact that Amazon was unable to accommodate the left- shoulder restrictions placed by Dr. Robertson. *See* Agreed Stipulation filed June 19, 2015. Amazon has not paid temporary disability benefits and, other than providing the one (1)-time visit to Dr. Eldurkar, has not paid medical benefits.

## Ms. Kirk's Contentions

Ms. Kirk claims that she injured her left-shoulder when she reached for an item from a high shelf in the course and scope of her employment. She contends that she is entitled to temporary partial disability benefits because she has not worked since February 19, 2015, due to Amazon's inability to accommodate the left-shoulder restrictions placed by Dr. Robertson. She also requests that Amazon be required to pay for Dr. Robertson's treatment.

## Amazon's Contentions

Amazon contends that Ms. Kirk has not established by medical expert opinion that her left-shoulder injury arose primarily out of and in the course and scope of employment. It claims that Dr. Eldurkar clearly and unequivocally opined that Ms. Kirk's left-shoulder injury is not work-related. Amazon argues that Dr. Eldurkar is Ms. Kirk's authorized treating physician and, as such, his causation opinion is entitled to a presumption of correctness.

Amazon also contends that Dr. Robertson gave differing opinions regarding the causation of Ms. Kirk's left shoulder condition. It contends that the equivocal nature of Dr. Robertson's opinion does not rebut the presumption of correctness afforded Dr. Eldurkar's opinion that Ms. Kirk's left-shoulder injury is not work-related.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

"The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction…favoring neither the employee nor employer."

4

Tenn. Code Ann. § 50-6-116 (2014). At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence in order to be eligible for benefits. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, TN Wrk Comp App Bd LEXIS 6 at *7-8, 9 (Tenn. Work. Comp. App. Bd. March 27, 2015); *cf. McCall v. Nat'l Health Corp.,* 100 S.W.3d, 209, 214 (Tenn. 2003). Instead, an employee must come forward with sufficient evidence from which the trial judge could conclude that the employee is likely to prevail at a hearing on the merits. *Id.*

*Factual Findings*

Upon consideration of the testimony of Ms. Kirk in open court, the exhibits introduced by the parties, the argument of counsel for the parties, and the record in this claim, the Court makes the following factual findings in the Expedited Hearing conducted June 15, 2015:

- On September 24, 2014, Ms. Kirk worked as a packer, a position that required her to retrieve items from shelves, pack them in boxes, and then place them on a conveyer belt for shipment;
- On September 24, 2014, Ms. Kirk felt a pop accompanied by pain in her left shoulder when reaching to retrieve an item from a high shelf to pack it in a box for shipping;
- Ms. Kirk reported her injury on September 24, 2014;
- Amazon referred Ms. Kirk to Dr. Eldurkar, who saw her on October 6, 2014, and released her to return to work without restrictions;
- Beginning February 19, 2015, Dr. Robertson placed restrictions on Ms. Kirk's use of her left upper extremity; and
- Ms. Kirk has not worked from February 19, 2015, to the present because Amazon could not accommodate the restrictions placed by Dr. Robertson on the use of her left upper extremity.

*Application of Law to Facts*

*Statutory Authority Governing the Court's Determination of Causation After July 1, 2014*

Prior to July 1, 2014, an injured worker could establish the causation, or work-relatedness, of a claim by credible lay testimony supported by equivocal medical expert opinion, such as an opinion that an incident at work "could be" the cause of an injury. *See Williams v. UPS,* 328 S.W.3d 497, 504 (Tenn. 2010); *Tindall v. Waring Park Asso.,* 725 S. W. 2d 935, 937 (Tenn. 1987). For injuries or conditions arising on and after July 1, 2014, the Tennessee Workers' Compensation Law imposes a different evidentiary standard for proving causation.

The reforms to the Tennessee Workers' Compensation Law, which became law July 1, 2014, define a compensable injury as one that "arises primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(13) (2014). Subparagraph (B) to Tennessee Code Annotated section 50-6-102(13) (2014) expands the above definition by providing that "[a]n injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tennessee Code Annotated section 50-6-102(13)(C) (2014) requires that entitlement to workers' compensation benefits be "shown to a reasonable degree of medical certainty." According to Tennessee Code Annotated section 50-6-102(13)(D) (2014), a physician giving a causation opinion must state the opinion without consideration of speculation or possibility, but based on a conclusion that the work "more likely than not considering all causes" caused the injury forming the basis of the claim.

In *McCord v. Advantage Human Resourcing, supra,* the Tennessee Workers' Compensation Appeals Board held that, at an Expedited Hearing, the injured worker need not prove every element of his or her claim by a preponderance of the evidence. *McCord,* 2015 TN Wrk Comp App Bd LEXIS 6 at *7-8. *See also* Tenn. Code Ann. § 50-6-239(d)(1). Accordingly, the Court can award benefits in an expedited hearing if the injured worker comes forward with sufficient evidence from which the Court can determine that he or she is likely to prevail at a hearing on the merits. *McCord,* at *7-8, 9.

*Interplay Between Lay Testimony and Expert Medical Opinion on Causation after July 1, 2014*

The Supreme Court has long held in workers' compensation cases that an injured employee may establish causation of his or her injury by a combination of medical expert and lay opinion. *See, e. g., White v. Werthan Indus.,* 824 S.W.2d 158 (Tenn. 1992); *Smith v. Empire Pencil Co.,* 781 S.W.2d (Tenn. 1989). In fact, the Supreme Court in *Thomas v. Aetna Life & Cas. Co.,* 812 S.W.2d 278, 283 (Tenn. 1991), held that "[w]hile causation and permanency of an injury must be proved by expert medical testimony, such testimony must be considered in conjunction with the lay testimony of the employee as to how the injury occurred and the employee's subsequent condition." *Id.*

The 2013 reforms to the Workers' Compensation Law added the word "primarily" to the definition of a work-related injury and specified the standard under which medical experts are to render causation opinions. However, the legislature did not enact language that diminished the role of credible lay testimony in the determination of whether a claimed injury is compensable. In *McCord,* the Workers' Compensation Appeals Board held that reliance on precedent from the Tennessee Supreme Court that predates the 2013 reforms to the Law is proper "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of the pre-July 1, 2014 statutes, that it relied

6

on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." 2015 TN Wrk Comp Bd LEXIS 6 at *19, n.4. Accordingly, the Court finds that the case authority set forth above, as it relates to the interplay between lay and expert medical opinion, remains good law. *Id.*

*Assessment of Lay Testimony*

At the expedited hearing, Ms. Kirk testified clearly and unwaveringly that she felt a pop in her left shoulder, accompanied by pain, when she reached to retrieve Item 12 from Row F in her assigned area at Amazon. She testified that Row F was the highest shelf and that Item 12 was the item farthest from where she stood.

The only evidence introduced by Amazon to rebut Ms. Kirk's testimony was the First Report of Injury. The First Report indicates that Ms. Kirk reported her injury on the date it occurred and the unidentified preparer of the First Report wrote that Ms. Kirk's pain developed gradually while she was packing. (Ex. 6). Amazon did not call the preparer of the First Report as a witness so that the Court could scrutinize under oath the relative reliability of the information that the preparer included in the First Report.

Ms. Kirk introduced an Associate First Report of Injury that she signed on the date of injury. (Ex. 7). This document indicates, consistent with her in-person testimony, that Ms. Kirk's left shoulder popped when she reached for an item to pack it in a box. (Ex. 7). Ms. Kirk also introduced a document prepared by Sean Jones, the AmCare employee who treated Ms. Kirk at Amazon, which recorded the following description of Ms. Kirk's injury: "pain in left shoulder when reaching high or across the body." (Ex. 11).

The Court finds that the Associate First Report and Mr. Jones's notation corroborates Ms. Kirk's in-person testimony as to the mechanism of her left shoulder injury. On the basis of the totality of the evidence introduced at the expedited hearing, the Court finds that Ms. Kirk felt a pop in her left shoulder that was accompanied by pain when, while working at Amazon, she reached above her head to retrieve an item to pack in a box.

*Assessment of Medical Expert Opinion*

The Court now addresses the expert medical opinions on causation introduced at the expedited hearing. The parties introduced both opinions by pre-printed forms completed and signed by the physicians. Neither physician rendered his opinion under oath, nor did the physicians give their opinions in consideration of the specific language in section 50-6-102(13) (2014) defining work-relatedness.

Amazon relies on Dr. Eldurkar's opinion that Ms. Kirk's injury is not work-related. It argues that, pursuant to Tennessee Code Annotated section 50-6-102(13)(E),

7

Dr. Eldurkar's opinion is afforded a presumption of correctness because Ms. Kirk selected him from its panel.

Dr. Eldurkar saw Ms. Kirk on a single occasion, following which he diagnosed her with a strained left upper back muscle. (Ex. 3, pp. 2-3). Ms. Kirk testified that she told Dr. Eldurkar she injured her left shoulder while reaching to retrieve an item from a high shelf. Dr. Eldurkar stated in his report that "[n]o particular incident occurred, but she states [her left shoulder pain occurred] from reaching across and lifting at heights." (Ex. 3, p. 2). Dr. Eldurkar rendered his opinion without the benefit of diagnostic testing. (Ex. 3, p. 2). Likewise, he provided no explanation of the facts upon which he based his opinion. (Ex. 3).

The Court first considers whether Dr. Eldurkar is entitled to the presumption of correctness afforded by Tennessee Code Annotated section 50-6-102(E) (2014). The statutory language establishes two (2) qualifying factors for the presumption: (1) whether the physician in question is a "treating physician;" and (2) whether the physician in question was "selected by the employee from the employer's designated panel." The Court questions whether Dr. Eldurkar's opinion qualifies for the benefit of the statutory presumption because he saw Ms. Kirk only once and did not treat her.

In *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 677 (Tenn. 1991), the Supreme Court held that "[i]t seems reasonable that the physicians having greater contact with the Plaintiff would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." Dr. Eldurkar saw Ms. Kirk only once, ordered no diagnostic testing, and offered no treatment. In light of the above authority, the Court finds that, because he did not treat Ms. Kirk, Dr. Eldurkar's opinion is not entitled to the statutory presumption.

There is no appellate guidance on the issue of the application of the statutory presumption in section 50-6-102(13)(E). However, the Court has considered the possibility that an appellate body might find that the statutory presumption applies to Dr. Eldurkar's opinion. Even if that is the case, the Court finds that Dr. Eldurkar's limited contact with Ms. Kirk reduces the evidentiary impact of the presumption.

The Court assigns little weight to the opinion of Dr. Eldurkar because he considered that Ms. Kirk's injury was gradual in nature, when, according to Ms. Kirk's testimony, she told him that her injury occurred at a specific time and as she performed a specific physical activity. The Court also questions the appropriateness of Dr. Eldurkar making an opinion as to the work-relatedness of Ms. Kirk's injury without at least viewing x-rays. Dr. Robertson's records indicate that the x-rays he ordered revealed important findings regarding the condition of Ms. Kirk's left shoulder. Based on the above-stated reasons, the Court finds that Dr. Eldurkar's opinion on causation does not assist the Court.

Ms. Kirk relies on the opinion of Dr. Robertson, an orthopedic surgeon whom she saw four (4) times for treatment of her left shoulder injury. The records introduced at the Expedited Hearing indicate that Dr. Robertson gave differing opinions on the work-relatedness of Ms. Kirk's injury. On February 23, 2015, four (4) days after he examined Ms. Kirk, Dr. Robertson signed an Amazon form that requested his causation opinion. (Ex. 4, p. 9; Ex. 5, p. 19). On this form, Dr. Robertson appears to have initially marked a box designated "Not Work-Related." (Ex. 4, p. 9; Ex. 5, p. 19). A hand-written "X" appears over the "Not Work-Related" box and a hand-written circle encloses the box on the form designated "Work-Related." (Ex. 4, p. 9; Ex. 5, p. 19). Dr. Robertson wrote his signature and the notation "3/12/15" across the top of the section of the form containing the above-described boxes. (Ex. 4, p. 9; Ex. 5, p. 19).

Exhibit 5 also contains a form entitled "Attending Physician's Statement of Work Capacity and Impairment" that bears Dr. Robertson's signature dated March 12, 2015, the same date on which he apparently revised the Amazon form to indicate the opinion that Ms. Kirk's injury was work-related. (Ex. 5, pp. 12-13). On this form, Dr. Robertson marked a box designated "Unknown" in response to an inquiry as to whether Ms. Kirk's condition is "due to injury or illness arising out of the patient's employment." (Ex. 5, p. 13).

Finally, Exhibit 5 contains an Amazon form that Dr. Robertson signed March 27, 2015. This form indicates that Dr. Robertson marked the box designated "Work-Related" and hand-wrote above it "overuse injury from overhead activity." (Ex. 5, p. 5). The Court finds that the evidence introduced at the Expedited Hearing casts uncertainty upon Dr. Robertson's causation opinion. The forms on which Dr. Robertson's opinions are stated do not provide an explanation for why his opinions differ. For that reason, Dr. Roberson's opinions do not assist the Court.

### Decision

The Court finds that the statutory authority discussed above requires that Ms. Kirk prove by a combination of credible lay testimony and expert medical opinion that she will likely prevail at a hearing on the merits that her left-shoulder injury is work-related. The Court finds that Ms. Kirk's testimony as to the mechanism of her injury is credible. However, for the reasons discussed above, the expert medical opinion introduced at the Expedited Hearing does not assist the Court. While Dr. Robertson is in a better position than Dr. Eldurkar to render an opinion on causation, he gives differing opinions on the issue.

Tennessee Rule of Evidence 702 defines the role of expert opinion in the litigation process as "evidence that assists the trier of fact in understanding the evidence or determining a fact in issue." In this claim, neither party asked the physician on whose opinion they relied to give an opinion under the evidentiary standard set forth in the statutory language. The Court generally observes that the introduction of expert medical

9

opinion by means of a doctor's response to inquiries on a pre-printed form is perilous to the party introducing it. A form limits the ability of the physician to explain the manner in which he or she arrived at the stated opinion and rarely provides sufficient space to indicate the underlying facts presented to the physician for consideration. The Court finds that neither physician's opinion, as introduced here, assisted the Court.

Accordingly, this Court finds that Ms. Kirk has failed to come forward with sufficient expert medical opinion showing that, at a hearing on the merits, she will likely prevail on the issue that her injury arose primarily out of and in the course and scope of employment. For that reason, the Court, at this time, denies Ms. Kirk's request for medical and temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Kirk's claim for an interlocutory order for medical and temporary disability benefits is denied at this time.

2. This matter is set for Initial Hearing on August 31, 2015, at 10:30 a.m. Eastern Time.

Initial Hearing:

An Initial Hearing has been set with Judge Thomas Wyatt, Court of Workers' Compensation Claims, on August 31, 2015, at 10:30 a.m. Eastern Time. You must call 615-741-2051 or toll free at 855-747-1721 to participate in the Initial Hearing. **Please Note:** You must call in on the scheduled date and time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 7TH DAY OF JULY, 2015.

**Judge Thomas Wyatt**
**Tennessee Court of Workers'**
**Compensation Claims**
**1301 Riverfront Parkway, Suite 202**
**Chattanooga, TN 37402**

10

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten (10) calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten (10) calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Clerk of Court shall submit the record to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of

Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 7th day of July, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Carmen Y. Ware, Atty. | | | | | X | cyware@thewarelawfirm.com |
| Charles E. Pierce, Atty. | | | | | X | cepierce@mijs.com |

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**